United States District Court
Southern District of Texas
**ENTERED**
March 15, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Kristan Krueger, Individually and a/n/f of N.K., and Cayleb Hayslip § § § Plaintiff, § § v. § § AH4R Management-TX, LLC, and § APR 2014-1 Borrower, LLC, § Defendants. § § | | Civil Action H-22-3867 |

# REPORT AND RECOMMENDATION

This case was removed from state court. The court, having been advised that Defendants are unable to determine their own citizenship, recommends that this case be remanded to state court.

## 1. Background and Procedural Posture

On September 23, 2022, Kristan Krueger, individually and as next friend of N.K., and Caleb Hayslip sued AH4R Management-TX, LLC, and APR 2014-1 Borrower, LLC, in Texas state court. ECF No. 1-1. Plaintiffs allege injuries arising from water damage, moisture, and mold in their rental property, which Plaintiffs rented from Defendants. *Id.* On November 4, 2022, Defendants removed the case to federal court based on diversity jurisdiction. ECF No. 1.

At the initial conference held on February 16, 2023, recognizing its independent obligation to determine whether subject matter jurisdiction exists, the court ordered Defendants to file a statement by a person with knowledge of the Defendants' business organization demonstrating that the court has subject matter jurisdiction. ECF No. 13. In compliance with that order, On March 14, 2023, Defendants

filed a Status Report explaining that it could not determine with certainty the citizenship of all Defendants' members and therefore it could not establish the existence of complete diversity of citizenship. ECF No. 15. Defendants appear to agree that the case should be remanded to state court. *Id.* at 2. The court recommends that this case be remanded to state court.

### *2. Analysis*

The court has "an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *see also Arbaugh*, 546 U.S. at 514 (stating that the court's obligation persists "even in the absence of a challenge from any party"); Fed. R. Civ. P. 12(h)(3).

Removal can be based on diversity jurisdiction if the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. §§ 1332, 1441. Complete diversity "means that 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020) (alteration in original) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386–87 (5th Cir. 2018) (emphasis omitted) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)). The party invoking federal diversity jurisdiction has the burden to establish that it exists. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019). Here, the burden belongs to the Defendants.

It is undisputed that all Plaintiffs are citizens of Texas. ECF No. 1-1 at 3. Both Defendants are limited liability companies (LLC). ECF No. 1 at 1–2. "[F]or diversity jurisdictional purposes, 'the citizenship of a[n] LLC is determined by the citizenship of all of its members.'" *Soaring Wind Energy L.L.C.*, 946 F.3d at 750 (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (explaining that the citizenship of an LLC is determined in the same manner as the citizenship of "limited partnerships and other unincorporated associations or entities")). Citizenship of the LLC's members that are LLCs also is determined by the citizenship of their members.

The Notice of Removal describes the business organization of both Defendants. ECF No. 1 at 1–2. Defendants' members consist of LLCs, limited partnerships, and general partnerships. When traced back far enough, it turns out that both Defendants have the same member— American Homes 4 Rent, which is a real estate investment trust (REIT). The citizenship of a REIT is determined by the citizenship of its members, which includes its shareholders. *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381–82 (2016). Defendants do not dispute this conclusion. The Notice of Removal does not list the members or shareholders of American Homes 4 Rent.

Because the burden is on the party that seeks to invoke the court's jurisdiction to demonstrate complete diversity and because the Notice of Removal does not demonstrate complete diversity, the court ordered Defendants to file a statement showing that the court has jurisdiction. ECF No. 13. Defendants explain in their Status Report, ECF No. 15, that the REIT common to both Defendants has "thousands of shareholders[] and Defendants are unable to confirm with certainty whether a

3

Texas citizen exists among them at any given point in time." ECF No. 15 at 1. Defendants therefore cannot satisfy their burden of showing that complete diversity existed either when the case was filed or when it was removed.

### 3. *Conclusion*

Because Defendants cannot show that complete diversity existed when the case was filed or at the time of removal, the court recommends that this case be remanded to state court.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March 15, 2023.

Peter Bray
United States Magistrate Judge